IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | | |
|---|---|---|
| LEIA MONTGOMERY and<br>KRISTEN MEGHAN KELLY,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  4:21-cv-01052-P |

## DEFENDANT DELTA AIR LINES, INC.'S MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT

M. Roy Goldberg
STINSON LLP
1775 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20006
(202) 728-3005
Roy.goldberg@stinson.com
Admitted *Pro Hac Vice*

Matthew R. Miller
STINSON LLP
3102 Oak Lawn Avenue
Suite 777
Dallas, Texas 75219
(214) 560-2243
Matt.miller@stinson.com

Counsel for Defendant Delta Air Lines, Inc.

Dated: October 18, 2021

# TABLE OF CONTENTS

STATEMENT OF FACTS................................................................1

   The Federal Mask Mandate.................................................1

APPLICABLE STANDARD ..........................................................5

ARGUMENT ................................................................................6

   I.     CLAIM 1 SHOULD BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION TO ENFORCE THE AIR CARRIER ACCESS ACT AGAINST AIRLINES.......................................................6

   II.    PLAINTIFFS SHOULD NOT BE PERMITTED TO SUBSTITUTE THEIR ACAA CLAIM WITH AN ALTERNATIVE CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT....................................8

   III.   CLAIM 2 SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE NO PRIVATE RIGHT OF ACTION TO ENFORCE DOT REGULATIONS.......................................................10

   IV.   CLAIM 3 SHOULD BE DISMISSED BECAUSE PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT IS PREEMPTED BY THE AIRLINE DEREGULATION ACT.........................................................11

   V.    CLAIM 4 SHOULD BE DISMISSED BECAUSE PLAINTIFFS' ALLEGATION OF ALLEGED VIOLATION OF THEIR PRIVACY RIGHTS IS PREEMPTED BY THE AIRLINE DEREGULATION ACT. ....................................................................13

   VI.   CLAIMS 5 AND 6 SHOULD BE DISMISSED BECAUSE PLAINTIFFS' ASSERTIONS OF INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ARE PREEMPTED BY FEDERAL LAW. ....................................................................14

       A.    The Airline Deregulation Act Preempts Claims 5 and 6...14

       B.    Claims 5 and 6 are Also Preempted by the ACAA……….....15

       C.    The Federal Aviation Act Preempts Claims 5 and 6…...   15

CORE/3520621.0002/170167347.1

VII.    PLAINTIFFS' REQUEST FOR A DECLARATORY RELIEF SHOULD BE DISMISSED BECAUSE IT IS PREDICATED ON LEGAL THEORIES FOR WHICH THERE IS NO PRIVATE RIGHT OF ACTION OR WHICH ARE PREEMPTED BY FEDERAL LAW. ......17

CONCLUSION.................................................................................................................17

CORE/3520621.0002/170167347.1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Access Now, Inc. v. Sw. Airlines Co.,*
385 F.3d 1324 (11th Cir. 2004) .................................................................. 9

*Alexander v. Sandoval,*
532 U.S. 275 (2001) ...................................................................................... 8

*In re Am. Airlines, Inc. Privacy Litigation,*
370 F. Supp. 2d 552 (N.D. Tex. 2005) ..................................................... 13

*Am. Airlines, Inc. v. Wolens,*
513 U.S. 219 (1995) ..................................................................................... 12

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ....................................................................................... 5

*Bynum v. Am. Airlines, Inc.,*
166 Fed. Appx. 730 (5th Cir. 2006) ............................................................ 7

*Compass Airlines, LLC v. Mont. Dep't of Labor & Indus.,*
No. CV 12-105-H-CCL, 2013 WL 4401045, *9, 14, 18 (D. Mont.
Aug. 12, 2013) ............................................................................................. 15

*Conservation Force v. Delta Air Lines, Inc.,*
190 F. Supp. 3d 606 (N.D. Tex. 2016), *aff'd*, 682 Fed. Appx. 310 (5th
Cir. 2017) ......................................................................................... 7, 10, 14

*Covino v. Spirit Airlines, Inc.,*
No. 2:20-cv-01039-GMN-NJK, 2021 WL 4248079 (D. Nev. Sept. 17,
2021) ............................................................................................................. 15

*Drake v. Lab Corp. of America Holdings,*
458 F.3d 48 (2d Cir. 2006) ........................................................................ 10

*Fawemimo v. Am. Airlines, Inc.,*
751 Fed. Appx. 16 (2d Cir. 2018) ............................................................. 16

CORE/3520621.0002/170167347.1

*Gilstrap v. United Air Lines, Inc.*,
   709 F.3d 995 (9th Cir. 2013) ...................................................................... 9

*Hodges v. Delta Airlines*,
   44 F.3d 334 (5th Cir. 1995) (en banc).......................................................... 12

*Industrial Found. of the South v. Texas Indus. Acc. Board*,
   540 S.W. 2d 668 (Tex. 1976), *cert. denied*, 430 U.S. 931 (1977) .............................. 13

*In re JetBlue Airways Corp. Privacy Litigation*,
   379 F. Supp. 2d 299 (E.D.N.Y. 2005) ............................................................. 13

*Johnson v. Northwest Airlines, Inc.*,
   No. C 08-02272 VRW, 2010 WL 5564629 (N.D. Cal. May 5, 2010)..................... 15

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (2007) ............................................................................... 5

*Lopez v. Jet Blue Airways*,
   662 F.3d 593 (2d Cir. 2011) ....................................................................... 10

*Love v. Delta Air Lines*,
   179 F. Supp. 2d 1313 (M.D. Ala. 2001), *rev'd on other grounds*, 310
   F.3d 1347 (11th Cir. 2002) ....................................................................... 10

*Lovelace v. Software Spectrum, Inc.*,
   78 F.3d 1015 (5th Cir. 1996) ...................................................................... 6

*Mapp-Leslie v. Norwegian Airlines*,
   No. 19-cv-7142 (PKC, 2020 WL 264919, *2 (E.D.N.Y. Jan. 17, 2020).................... 9

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*,
   469 F.3d 464 (5th Cir. 2004) ...................................................................... 5

*Mennella v. Am. Airlines*,
   2017 WL 6560467 (S.D. Fla. Dec. 22, 20217) .................................................. 9

*Montalvo v. Spirit Airlines*,
   508 F.3d 464 (9th Cir. 2007) ...................................................................... 16

*Morales v. TWA*,
   504 U.S. 374 (1992)................................................................................. 11

iv

*Onoh v. Northwest Airlines, Inc.*,
   613 F.3d 596 (5th Cir. 2010) .................................................................. 12, 14

*Puckett v. Northwest Airlines, Inc.*,
   131 F. Supp. 2d 379 (E.D.N.Y. 2001) ........................................................ 9

*R2 Invs. LDC v. Phillips*,
   401 F.3d 638 (5th Cir. 2005) ..................................................................... 5

*Ruta v. Delta Air Lines, Inc.*,
   322 F. Supp. 2d 391 (S.D.N.Y. 2004)......................................................... 8

*Shinault v. American Airlines, Inc.*,
   936 F.3d 796 (5th Cir. 1991) ................................................................ 7, 8

*Sifuentes-Barraza v. Garcia*,
   252 F. Supp. 2d 354 (W.D. Tex. 2003) ...................................................... 6

*Stokes v. Southwest Airlines Co.*,
   887 F.3d 199 (2018) ............................................................................ 7, 8

*Stokes v. Southwest Airlines*,
   No. 3:16-cv-2357-G, 2017 WL 1354099 (N.D. Tex. Apr. 13, 2017)........................7

**Statutes**

42 U.S.C. § 12181(10) ................................................................................ 9

42 U.S.C. § 12182(b)(1)(A)(i) ...................................................................... 8

44 U.S.C. § 1507 ....................................................................................... 6

Air Carrier Access Act, 49 U.S.C. § 41705 ............................................*passim*

Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b)...............................*passim*

Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq.* ................. 8, 9, 10

Federal Aviation Act, 49 U.S.C. § 40101, *et seq.* ................................. 1, 15, 16

Public Health Service Act, § 361 ................................................................ 2

CORE/3520621.0002/170167347.1

**Other Authorities**

14 C.F.R. Part 382 ................................................................................................ 6

5A Charles A. Wright & Arthur R. Miller, Fed. Prac. and Proc. § 1357
(2d ed. 1990) ............................................................................................ 6

Exec. Order 13998, *Promoting COVID-19 Safety in Domestic and
International Travel*, 86 Fed. Reg. 7205 (Jan. 21, 2021) ............................................. 2

Fed. R. Civ. P. Rule 8(a)(2) ................................................................................. 5

Fed. R. Civ. P. Rule 12(b)(6) ........................................................................... 1, 5

"Requirement for Persons to Wear Masks While on Conveyances
and at Transportation Hubs" (Public Health Service Act), 86 Fed.
Reg. 8025 (Feb. 3, 2021) .......................................................................... 2, 3

United States Department of Transportation. "FAA Statement on
Wearing Masks in Airports and On Planes,"
https://www.faa.gov/newsroom/faa-statement-wearing-masks-
airports-and-planes ................................................................................... 3, 4

CORE/3520621.0002/170167347.1

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., Defendant Delta Air Lines, Inc. ("Defendant" or "Delta") respectfully moves to dismiss the "Plaintiffs' Original Complaint" and this action.   The claims of Plaintiffs Leia Montgomery and Kristen Meghan Kelly regarding Delta's compliance with and implementation of the federal government's mask mandate during the pandemic fail to state a claim for which relief can be granted.   As set forth below, Plaintiffs' claims should be dismissed because they ignore precedential decisions and doctrines which preclude private parties from suing airlines for conduct which at most is subject to an administrative complaint to be filed with the U.S. Department of Transportation ("DOT") or the Federal Aviation Administration ("FAA"). Specifically, the claims are legally impermissible because (1) there is no private right of action to enforce the federal statutory claims, and (2) the state law claims are preempted by the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713(b), because they relate to an air carrier "service", the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705, and the Federal Aviation Act, 49 U.S.C. § 40101, *et seq.*

## STATEMENT OF FACTS

### The Federal Mask Mandate

On January 21, 2021, President Biden issued an Executive Order explaining that public-health experts "have concluded that mask-wearing, physical

distancing, appropriate ventilation, and timely testing can mitigate the risk of travelers spreading COVID-19." Exec. Order 13998, *Promoting COVID-19 Safety in Domestic and International Travel*, 86 Fed. Reg. 7205 (Jan. 21, 2021). "Accordingly, to save lives and allow all Americans, including the millions of people employed by the transportation industry, to travel and work safely," the President called on all relevant government agencies to "immediately take action, to the extent appropriate and consistent with applicable law, to require masks to be worn in compliance with CDC guidelines" on public transportation systems. *Id.*

A few weeks later, the CDC issued the transportation mask order. CDC, *Order Under Section 361 of the Public Health Service Act, Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Feb. 3, 2021) (cited in Complaint at 1, n. 1). Generally, the transportation mask order requires persons to "wear masks over the mouth and nose when traveling on conveyances into and within the United States" and "at transportation hubs." *Id.* at 8026. The order's objectives are:

- Preservation of human life;

- Maintaining a safe and secure operating transportation system;

- Mitigating the further introduction, transmission, and spread of COVID-19 into the United States and from one state or territory into any other state or territory; and

2

- Supporting response efforts to COVID-19 at the Federal, state, local, territorial, and tribal levels.

*Id.* at 8027.  In addition, the order states that "[r]equiring masks will help us control this pandemic and aid in re-opening America's economy."  *Id.* at 8029.

The CDC order also explains why mask-wearing is especially important on public transportation and in commercial air travel: "Traveling on multi-person conveyances increases a person's risk of getting and spreading COVID-19 by bringing persons in close contact with others, often for prolonged periods."  *Id.*

On January 27, 2021, the Acting Secretary of Homeland Security issued a Determination of a National Emergency that involved his emergency powers and directed the TSA to support "the CDC in the enforcement of any orders or other requirements necessary to . . . mitigate the spread of COVID-19 through the transportation system."  The TSA then issued a series of directives to implement and support enforcement of the CDC's mask order.

In a statement dated May 14, 2021 titled "FAA Statement on Wearing Masks in Airports and On Planes," the FAA declared that the CDC, TSA and DOT "remind the traveling public that at this time **if you travel, you are still required to wear a mask on planes**, trains, and other forms of public transportation traveling into, within, or out of the United States, and in U.S. transportation hubs

3

such as airports and stations." https://www.faa.gov/newsroom/faa-statement-wearing-masks-airports-and-planes (emphasis added)

Plaintiffs disagree with the federal mask mandate applicable to U.S. airlines, including Defendant Delta, and are using their Complaint to challenge the requirement that Plaintiffs wear a mask onboard Delta flights to protect themselves and the traveling public against COVID-19.   Plaintiffs assert legal claims and theories based on a predicate that Delta is unlawfully discriminating against them because they allege that they suffer from a disability that precludes them from wearing a mask onboard an aircraft.   Complaint ¶¶ 8, 10, 24, 25, 35. Plaintiffs assert that, "even if a reasonable accommodation is offered, Delta will breach its contract and violate Federal law and regulations if a customer cannot wear a mask."  Complaint at 1.  Plaintiffs contend that Delta should have allowed them to wear a face shield "or other reasonable alternative in place of a mask due to Plaintiffs' inability to wear masks due to their disability."  Complaint ¶ 59.  They further complain about the manner in which Delta enforced the federal mask mandate, asserting that they were unnecessarily embarrassed.  Complaint ¶¶ 21, 26-28.  Plaintiffs claim entitlement to "in excess of" one million dollars as damages. Complaint, p. 11.

CORE/3520621.0002/170167347.1

## APPLICABLE STANDARD

Under Rule 8(a)(2), Fed. R. Civ. P., a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint fails to state such a claim, Rule 12(b)(6) allows a defendant to file a motion to dismiss. In analyzing a motion to dismiss for failure to state a claim, the court accepts as well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 469 F.3d 464, 467 (5th Cir. 2004)). The motion to dismiss should be granted if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* at 664. Well-pleaded facts of a complaint are to be accepted as true. However, legal conclusions are not entitled to the assumption of truth; nor will a complaint suffice "if it tenders naked assertions devoid of further factual enhancement." *Twombly*, 550 U.S. at 556. Further, a court is not to strain to find inferences favorable to the plaintiff or accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).

In ruling on this motion to dismiss, the Court may take judicial notice of the Federal Register citations listed above. *See* 44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed"); *Sifuentes-Barraza v. Garcia*, 252 F. Supp. 2d 354 (W.D. Tex. 2003) (in a motion to dismiss for failure to state a claim, a court may "consider matters of which [it] may take judicial notice") (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). The court may consider matters of public record without converting the motion into a motion for summary judgment. 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. and Proc. § 1357 (2d ed. 1990).

## **ARGUMENT**

### I.   **CLAIM 1 SHOULD BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION TO ENFORCE THE AIR CARRIER ACCESS ACT AGAINST AIRLINES.**

The claim for violation of the Air Carrier Access Act should be dismissed for lack of a private right of action. Although the ACAA precludes discrimination by airlines on the basis of a passenger disability in some situations, see 49 U.S.C. § 41705 ("physical or mental impairment that substantially limits one or more major life activities"), the only way for a passenger to enforce the law is to file an administrative complaint with the DOT. *See* 14 C.F.R. Part 382.

Plaintiffs' claim that there is a private right of action in the Fifth Circuit to sue airlines for violation of the ACAA is clearly erroneous and demonstrates that

Plaintiffs' counsel obviously failed to cite check the cases they rely on.   The Complaint alleges that the Fifth Circuit "determined in *Bynum v. Am. Airlines*, Inc., that 'In *Shinault v. American Airlines, Inc.*, 936 F.3d 796, 800 (5th Cir. 1991), the court specifically held that the ACAA provides a private right of action," and that "*Shinault* has not been overruled even though other circuits have reached a different conclusion.' *Bynum v. Am. Airlines, Inc.*, 166 Fed. Appx. 730, 733 (5th Cir. 2006)."   Complaint ¶ 31.   In support, the Complaint cites to *Stokes v. Southwest Airlines*, No. 3:16-cv-2357-G, 2017 WL 1354099 (N.D. Tex. Apr. 13, 2017). Complaint ¶ 32.

However, although it is true that in the "Memorandum Opinion and Order" dated April 13, 2017, the court in Stokes ruled that there is a private right of action under the ACAA, 2017 WL 1354099, at *2, <u>two months later, the district court reversed itself on rehearing and held that the ACAA does not provide a private right of action</u>.   Order, 2017 WL 8780140 (June 8, 2017).   On reconsideration, the district court stated:

> [T]he court agrees with the defendant's contention in the instant motion that the First Circuit's recent decision in *Conservation Force Delta Air Lines, Inc.*, [682 Fed. Appx. 310] (5th Cir. Mar. 20, 2017), effectively holds that § 41705 does not provide a private right of action. . . . **The court thus concludes that the plaintiff's claim fails because no private right of action exists under § 41705.**

2017 WL 8780140, *1 (emphasis added).   The Fifth Circuit in *Stokes* affirmed the June 8, 2017 Order.   In *Stokes v. Southwest Airlines Co.*, 887 F.3d 199, 204 (2018), the

Fifth Circuit stated that the Supreme Court decision in *Alexander v. Sandoval*, 532

U.S. 275 (2001), abrogated *Shinault*.  The Fifth Circuit stated that "No private right

of action exists to enforce the ACAA in district court.  *Shinault's* contrary holding

did not survive *Sandoval*."  887 F.3d at 204.

Because the Fifth Circuit has held that there is no private right of action to

sue an airline for an alleged violation of the ACAA, Claim 1 of the Complaint

should be dismissed.

## II.   PLAINTIFFS SHOULD NOT BE PERMITTED TO SUBSTITUTE THEIR ACAA CLAIM WITH AN ALTERNATIVE CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT.

The Complaint alleges that if "this Court determines the Air Carrier Access

Act does not provide a private right of action, Plaintiffs **reserve the right to plead**

a cause of action for violation of the Americans with Disabilities Act," 42 U.S.C. §

12182(b)(1)(A)(i).  Complaint ¶¶ 37-38 (emphasis added).   However, an amended

complaint which adds a cause of action under the Americans with Disabilities Act

would be futile because Plaintiffs cannot resort to the Americans with Disabilities

Act to circumvent the lack of a private right of action to pursue their discrimination

claims under the ACAA.  As the court stated in *Ruta v. Delta Air Lines, Inc.*, 322 F.

Supp. 2d 391, 401-02 (S.D.N.Y. 2004): "Plaintiff's claim for violation of the

Americans with Disabilities Act . . . is barred by the terms of the [Americans with

Disabilities Act] itself," which "does not apply to or encompass travel by aircraft.

8

"Aircraft are expressly excluded from the definition of 'specified public transportation'" in the Americans with Disabilities Act. *Puckett v. Northwest Airlines, Inc.*, 131 F. Supp. 2d 379, 382 (E.D.N.Y. 2001); 42 U.S.C. § 12181(10) (the term "[s]pecified public transportation" means transportation by bus, rail, or any other conveyance (**other than aircraft**) that provides the general public with general or special service (including charter service) on a regular and continuing basis") (emphasis added). *See also Mapp-Leslie v. Norwegian Airlines*, No. 19-cv-7142 (PKC, 2020 WL 264919, *2 (E.D.N.Y. Jan. 17, 2020) ("because the [Americans with Disabilities Act] does not apply to air carriers, Plaintiff's claims against Defendant under the [Americans with Disabilities Act] are dismissed for failure to state a claim"); *Mennella v. Am. Airlines*, 2017 WL 6560467 (S.D. Fla. Dec. 22, 20217) ("airplanes and terminals used for air travel are excluded from coverage under Title III of the" Americans with Disabilities Act); *id.* *3 ("Plaintiff cannot state a claim under Title III of the ADA because the alleged discrimination occurred at a terminal used primarily for air transportation and on an airplane.  It is clear that Title III does not provide a cause of action against a private airline"); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004) ("airplanes and their accompanying terminals and depots are covered by another disability-access statute, the pre-[Americans with Disabilities Act] Air Carriers Access Act"); *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1003 (9th Cir. 2013) (Americans with

Disability Act does not cover "[t]he operations of any portion of any airport that are under the control of an air carrier"); *Lopez v. Jet Blue Airways*, 662 F.3d 593, 598-99 (2d Cir. 2011) ("[a]ir carriers are not liable under [the Americans with Disabilities Act] for disability discrimination in the provision of services related to air transportation"); *Love v. Delta Air Lines*, 179 F. Supp. 2d 1313, 1316 (M.D. Ala. 2001) ("[a]irlines are not included in the statutory definitions of 'commercial facilities,' . . . or 'public accommodation,'" and "aircraft are expressly excepted from the statutory definition of 'specified public transportation'"), *rev'd on other grounds*, 310 F.3d 1347 (11th Cir. 2002).

Because Plaintiffs cannot use the Americans with Disabilities Act to get around the lack of a private right of action under the ACAA, their request to substitute the Americans with Disabilities Act for their claim under the ACAA should not be allowed.

## III.   CLAIM 2 SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE NO PRIVATE RIGHT OF ACTION TO ENFORCE DOT REGULATIONS.

Claim 2 of the Complaint alleges that Delta is liable for violating the DOT Mask Exemption Regulations.  However, this claim should be dismissed because there is no private right of action to sue an airline for violation of DOT regulations. *See Conservation Force v. Delta Air Lines, Inc.*, 190 F. Supp. 3d 606, 617 (N.D. Tex. 2016), *aff'd*, 682 Fed. Appx. 310 (Mem) (5th Cir. 2017) (plaintiffs had no private right of action to enforce FAA regulations); *Drake v. Lab Corp. of America Holdings*,

10

458 F.3d 48, 57 (2d Cir. 2006) (DOT and FAA regulations not the basis for a private right of action).

## IV. CLAIM 3 SHOULD BE DISMISSED BECAUSE PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT IS PREEMPTED BY THE AIRLINE DEREGULATION ACT.

Claim 3 of the Complaint seeks to allege a claim for breach of contract, asserting that Delta "breached [an] agreement by failing to accommodate Plaintiffs pursuant to federal law and regulation and by denying them access to the service agreed under the contract," namely transportation to the Plaintiffs' destinations. Complaint ¶ 45-48.  This claim should be preempted by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b), because it relates to an airline "service" and does not seek to enforce a specific, express contractual undertaking by Delta.

The ADA states that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier . . . ."  49 U.S.C. § 41713(b)(1).  The Supreme Court has interpreted the preemptive effect of the ADA broadly.  Any state law, including state common law, "having a connection with or reference to" airline prices, routes, or services is preempted unless the connection or reference is "too tenuous, remote, or peripheral."  *Morales v. TWA*, 504 U.S. 374, 384 (1992).

The Fifth Circuit has defined "service" as used in the ADA preemption provision broadly, as follows:

> Elements of the air carrier service bargain include items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself. These matters are all appurtenant and necessarily included with the contract of carriage between the passenger or shipper and the airline. It is these [contractual] features of air transportation that we believe Congress intended to de-regulate as "services" and broadly to protect from state regulation.

*Hodges v. Delta Airlines*, 44 F.3d 334, 336 (5th Cir. 1995) (en banc) (cited in *Onoh v. Northwest Airlines, Inc.*, 613 F.3d 596, 599-600 (5th Cir. 2010)). Transportation onboard an airline is an airline "service" and Plaintiffs challenge the manner in which that "service" was provided, or not provided as the case may be.

In *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995), the Supreme Court held that the ADA preemption clause does not extend so far as "to shelter airlines from suits . . . seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Onoh v. Northwest Airlines, Inc.*, 613 F.3d 596, 600 (5th Cir. 2010). "[S]tate-law-based court adjudication of routine breach-of-contract claims" is permissible so long as a court makes "no enlargement or enhancement [of the contract] based on . . . state laws or policies external to the agreement." *Wolens*, at 232-33; *Onoh*, at 600. Here, Plaintiffs' breach-of-contract claim does not fall under the narrow *Wolens* exception because it is not predicated on actual contractual language identified by Plaintiffs in the Complaint. There is no contractual language quoted in the Complaint which states an affirmative obligation on Delta not to engage in the conduct alleged by Plaintiffs regarding

CORE/3520621.0002/170167347.1

Delta's enforcement of the federal mask mandate.  Instead, Plaintiffs are engaged in an impermissible attempt to use state law to enlarge or enhance the contractual undertakings at issue in this case.

## V.   CLAIM 4 SHOULD BE DISMISSED BECAUSE PLAINTIFFS' ALLEGATION OF ALLEGED VIOLATION OF THEIR PRIVACY RIGHTS IS PREEMPTED BY THE AIRLINE DEREGULATION ACT.

Claim 4 of the Complaint asserts that Delta "publicly disclosed private facts about Plaintiff Kelly when it forced Kelly to publicly divulge sensitive information regarding her history of sexual assault and resulting trauma in the presence of the passengers on her intended flight."  Complaint ¶ 50.  The Complaint similarly alleges that Delta "publicly disclosed facts about Plaintiff Montgomery when it forced her to divulge sensitive information related to her medical condition and history of trauma in the presence of the public at the flight gate."  Complaint ¶ 51. As a legal basis for this claim, the Complaint cites *Industrial Found. of the South v. Texas Indus. Acc. Board*, 540 S.W. 2d 668, 682-85 (Tex. 1976), *cert. denied*, 430 U.S. 931 (1977)).

A state law claim for violation of privacy rights is preempted by the ADA where, as here, it relates to an air carrier "service" – here the "service" of providing air transportation.  *See In re JetBlue Airways Corp. Privacy Litigation*, 379 F. Supp. 2d 299 (E.D.N.Y. 2005) (claims alleging that airline improperly transferred their private information to a data mining company were preempted by the ADA); *In*

13

*re Am. Airlines, Inc. Privacy Litigation*, 370 F. Supp. 2d 552 (N.D. Tex. 2005) (ADA

preempted passengers' state law claims alleging that airline improperly disclosed

their personally identifiable information).  Plaintiffs may contend that the alleged

violation of privacy rights is too attenuated from airline "service" to be preempted

by the ADA.  However, compliance with a federal mask mandate is directly

related and not at all attenuated to the provision of air carrier "service."

## VI.   CLAIMS 5 AND 6 SHOULD BE DISMISSED BECAUSE PLAINTIFFS' ASSERTIONS OF INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ARE PREEMPTED BY FEDERAL LAW.

### A.   The Airline Deregulation Act Preempts Claims 5 and 6.

The state law claims for intentional and negligent infliction of emotional

distress in Claims 5 and 6 are preempted by the ADA because they relate to an air

carrier "service."  *See Onoh v. Northwest Airlines, Inc.*, 613 F.3d 596, 600 (5th Cir.

2010) (the "question of whether [plaintiff] suffered an IIED [intentional infliction

of emotional distress] when a Northwest agent prohibited her from boarding a

flight on the grounds that the State Department would not permit [plaintiff] to

travel clearly falls within [the] definition of airline 'services'" under the ADA);

*Conservation Force v. Delta Air Lines, Inc.*, 190 F. Supp. 3d 606, 612-13 (N.D. Tex.

2016), *aff'd*, 682 Fed. Appx. 310] (5th Cir. Mar. 20, 2017) (tort law challenge to airline

ban against air transportation of animal trophies related to air carrier "services"

under the ADA).

**B.     Claims 5 and 6 are Also Preempted by the ACAA.**

Separately, claims 5 and 6 are preempted by the ACAA, which exclusively governs allegations of discriminatory or unfair treatment of passengers claiming a disability.  *See Covino v. Spirit Airlines, Inc.*, No. 2:20-cv-01039-GMN-NJK, 2021 WL 4248079, *2-3 (D. Nev. Sept. 17, 2021) (noting that "Multiple courts have interpreted the ACAA to preempt certain state law claims" and holding that plaintiff's claim for intentional infliction of emotional distress arising out of alleged mistreatment by airline employees because of her medical condition was preempted by the ACAA because it was "inextricably intertwined with the alleged ACAA violation") (denying motion to amend complaint as "futile"); *Compass Airlines, LLC v. Mont. Dep't of Labor & Indus.*, No. CV 12-105-H-CCL, 2013 WL 4401045, *9, 14, 18 (D. Mont. Aug. 12, 2013) (ACAA preempted the plaintiff's intentional infliction of emotional distress and negligent infliction of emotional distress claims); *Johnson v. Northwest Airlines, Inc.*, No. C 08-02272 VRW, 2010 WL 5564629, *6 (N.D. Cal. May 5, 2010) (finding that the ACAA preempts state-law negligence claims).

**C.     The Federal Aviation Act Preempts Claims 5 and 6.**

Claims 5 and 6 are also preempted by the Federal Aviation Act, 49 U.S.C. § 40101, et seq., because they relate to air carrier decisions made for the purpose of enforcing FAA requirements relating to aircraft passenger safety.  Although the

CORE/3520621.0002/170167347.1

FAA does not contain an express preemption clause, most courts have held that it

impliedly preempts state regulation of airline safety.  *See, e.g., Montalvo v. Spirit*

*Airlines*, 508 F.3d 464, 468 (9th Cir. 2007) (the "FAA preempts the entire field of

aviation safety through implied field preemption").  In *Fawemimo v. Am. Airlines,*

*Inc.*, 751 Fed. Appx. 16, 19-20 (2d Cir. 2018), the plaintiff sought damages after

allegedly having been hit on her head by a television monitor above her seat while

boarding the aircraft.  The court held that the state law negligence claim regarding

onboard TV monitors was impliedly preempted by the Federal Aviation Act which

was intended by Congress to occupy the field of air safety: "State laws that conflict

with the FAA or sufficiently interfere with federal regulation of air safety are thus

preempted."  The court stated:

> Because the complaint challenges the overall design of the monitors
> and seats, it depends on a common law rule for monitors and seats
> that would conflict with requirements established by the federal
> government.  This result would be contrary to the FAA's goal of
> centralizing, in the federal government, the regulation of air
> safety . . . . Accordingly, [plaintiff's] claim is incompatible with the
> federal government's authority to regulate the field of air safety and
> is preempted.  (*Id.*)

Because the wearing of masks onboard Delta aircraft during a pandemic directly

relates to aircraft safety, any attempt to use state law to interfere with FAA-

mandated safety requirements is preempted by the Federal Aviation Act.

16

### VII.   PLAINTIFFS' REQUEST FOR A DECLARATORY RELIEF SHOULD BE DISMISSED BECAUSE IT IS PREDICATED ON LEGAL THEORIES FOR WHICH THERE IS NO PRIVATE RIGHT OF ACTION OR WHICH ARE PREEMPTED BY FEDERAL LAW.

Claim 6 seeks entry of a declaratory judgment.  However, there is no predicate for a declaratory judgment favoring Plaintiffs because as set forth above, Plaintiffs' substantive legal claims fail to state a claim for which relief can be granted.

### <u>CONCLUSION</u>

For the reasons set forth above, Defendant Delta Air Lines, Inc., respectfully asks that the Complaint and action be dismissed with prejudice.

Dated: October 18, 2021

| | |
|---|---|
| M. Roy Goldberg | /s/_____ |
| STINSON LLP | Matthew R. Miller |
| 1775 Pennsylvania Avenue, N.W. | STINSON LLP |
| Suite 800 | 3102 Oak Lawn Avenue |
| Washington, D.C. 20006 | Suite 777 |
| (202) 728-3005 | Dallas, Texas 75219 |
| Roy.goldberg@stinson.com | (214) 560-2243 |
| Admitted *Pro Hac Vice* | Matt.miller@stinson.com |

Counsel for Defendant Delta Air Lines, Inc.

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2021, I caused a true and correct copy of the foregoing pleading to be served on all parties registered under the ECF system.

/s/
Matthew R. Miller

CORE/3520621.0002/170167347.1